Thomas Payne, Appellant, v. John K. Webster, Appellee.

### APPEAL FROM ADAMS.

In order to sustain a plea under the statute, which says that one who signs a promissory note as security, etc., may notify the holder to put it in suit as against the principal, or the security will not be holden, it must appear on the face of the note, that the party signed it as security.

This was an action of assumpsit, commenced by Webster against Payne, on the 8th June, 1857, on a promissory note.

The declaration avers that on the 7th April, 1854, the defendant, Payne, together with Calvin A. Warren, made his promissory note in writing, whereby he promised, jointly with Warren, and also individually, to pay one Frederic Woodward the sum of $1,000, one year after date, with ten per cent. interest per annum thereon, and that the note was then and there assigned to the plaintiff, Webster.

The common counts were added, to which defendant below pleaded the general issue, and to the special counts filed a special plea, in which he avers:

That the consideration of the promissory note in said counts mentioned, was money loaned by said Frederic Woodward to the said Calvin A. Warren, the joint maker of said note with defendant, and that no part of the consideration for said note came to, or was received by the defendant, but that the whole consideration thereof came to, and was received by the said Warren; that Warren was the principal in the note, and that defendant signed it as security for Warren, and became bound as security in said note for the payment of the money, and not otherwise; that on the 15th April, 1857, after the note was assigned to plaintiff, and after an action had accrued thereon, he, defendant, by notice in writing, addressed and delivered to plaintiff, did require of the plaintiff forthwith to put the note in

suit, but that plaintiff failed and refused to sue upon the note within a reasonable time, whereby and by force of the statute the plaintiff had forfeited his right to collect the money due by the note, from defendant.

To this plea the plaintiff below filed a general demurrer, in which the defendant joined, and upon argument thereof the court sustained the demurrer, and rendered judgment against defendant for the amount of the note and interest.

From this judgment the defendant below appealed, and now assigns for error the decision of the court in sustaining the demurrer, and rendering judgment against defendant thereon.

BROWNING & BUSHNELL and J. GRIMSHAW, for Appellant.

WHEAT & GROVER, for Appellee.

CATON, C. J. This was an action of assumpsit in the usual form, on a joint and several promissory note, executed by the defendant below and one Warren; and payable to the plaintiff. In a special plea, the defendant averred, that the note declared on was given for money loaned by plaintiff to Warren, and then proceeds, " and defendant further avers, that the said Calvin A. Warren was the principal in said promissory note in said declaration mentioned, and that he the said defendant signed said note as security for the said Calvin A. Warren, and become bound as security in said note for the payment of the money therein specified, and not otherwise." The plea then avers that after the maturity of the note, the defendant notified the plaintiff in writing to put the note in suit which he did not do, within a reasonable time.

This defense is set up under the first section of the ninety-seventh chapter, Rev. Stat., which provides that, " when any person or persons shall hereafter become bound as security or securities upon any bond, bill or note," etc., and he or they shall apprehend the principal may become insolvent, it shall be lawful for him or them to give notice in writing to the holder of the note, etc., to forthwith put the same in suit, and proceed with due diligence to collect the same; and if he shall neglect to do so, the holder of the note shall forfeit his claim against the security or securities. In describing the character in which the defendant executed the note, this plea literally follows the statute. It states that he executed the note as security, and that only in that character did he become bound by it. In this, as in all other respects, is the plea drawn in strict conformity to the statute. In order to sustain this plea it must appear, on the face of the note, that he signed it as security. The statute has reference to the character assumed by the party when he signs

the note. When the payee takes a note thus executed, he knows, as a matter of law, that he is liable to be called upon by such party to proceed at once to put the note in suit so soon as it becomes due; and he consents to accept the undertaking of the security, with the qualification thus attached to it by the law; and in any transfer which may be made of the note, the assignee is notified by the face of the paper of this right of the security, by a notice in writing to compel him to institute an action upon it, or release him from his undertaking. There could have been no necessity for averring that the payee had notice of the character in which the security executed the note. The statute requires no such averment, and for the simple reason that if the character of security is attached to his signature to the note, that is, of itself, direct and express notice of that fact, of which neither the maker nor any subsequent holder can aver ignorance. In the case of *McAllister* v. *Ely*, 18 Ill. R. 249, we held that a plea in this language of the statute was sufficient; and we are still of opinion that the statute means what it says.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*